**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CALVIN D. SHELLMAN,                :
                                   :
    Plaintiff,                 :
                                   :
v.                                 :  CIVIL ACTION NO.
                                   :  1:11-CV-3730-RWS
JP MORGAN CHASE, N.A.,             :
    Defendant.                 :
                                   :
                                   :
                                   :

## **ORDER**

This case comes before the Court on Defendant's Motion to Dismiss [2]. After a review of the record, the Court enters the following Order.

According to the Complaint and Plaintiff's security deed,[1] Plaintiff purchased 988 Simms Avenue, Atlanta, Georgia 30318 on February 19, 2008 and executed a promissory note and security deed in favor of JP Morgan Chase ("Chase") in the amount of $144,000. Ex. A, Dkt. No. [2-2]. Defendant has now

---

[1] While Plaintiff did not attach his security deed to his Complaint, Plaintiff did refer to it at paragraph 6. As this document is uncontroverted and central to the Plaintiff's Complaint, the Court will consider the security deed in its order without converting the motion into summary judgment. See Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005).

threatened to foreclose. Cmpl., Dkt. No. [1-1] at ¶ 18. As a result, on July 25, 2011, Plaintiff filed his first *pro se* complaint in Georgia state court which sought to "quiet title" to the subject property, alleging that Defendant has not produced evidence they own the mortgage and note, and that Plaintiff believes Chase does not have standing to foreclose. That complaint was removed to this Court and assigned to the undersigned. See Civ. Action No. 1:11-cv-2850-RWS. On September 26, 2011, the Plaintiff filed his second complaint–the one which created this action–which makes almost identical allegations to the first complaint, except that Plaintiff now alleges that he believes that Chase sold the note and assigned security deed without stating any facts to support that assertion and Plaintiff no longer seeks an injunction.

In response, Defendant has removed the second action to this Court and has filed a motion to dismiss. Plaintiff has not responded to this motion, thus it is deemed **UNOPPOSED**. LR 7.1(B), N.D. Ga ("Failure to file a response shall indicate that there is no opposition to the motion."). However, the Court will still consider the merits of Defendant's allegations to determine if the Complaint warrants dismissal. Daniel v. United States, 891 F. Supp. 600, 602 n.1 (N.D. Ga. 1995) (stating that a motion to dismiss for failure to state a claim

cannot be granted on the basis that the plaintiff fails to respond); see also Johnson v. Am. Meter Co., 412 F. Supp. 2d 1260, 1262 n.3 (N.D. Ga. 2004) (addressing merits of motion to dismiss despite plaintiff's failure to timely respond to such motion). As such, the Court will address the merits of Defendant's motion

**I. Legal Standard**

In its Motion to Dismiss, Defendant asserts that Plaintiff has failed to assert any cognizable claim for relief and seeks dismissal pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. [2]. Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at

3

570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

It is important to note that while the factual allegations set forth in the complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. The court does not need to "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

Because Plaintiff is acting *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010). The Court considers, in turn, each of the claims raised in the complaint.

4

## II. <u>Wrongful Foreclosure</u>

Plaintiff alleges that Defendant has no legal standing to initiate or maintain a foreclosure on the Property based on two grounds. First, Plaintiff argues that "[t]he Mortgage is invalid and unenforceable" because Chase has transferred any right it had in the property and did not record the transfer. Cmpl., Dkt. No. [1-1] at ¶ 20. Additionally, Plaintiff alleges that Defendant does not have standing to foreclose as it has not produced "any evidence that it has standing"–what the Court construes as the so-called "produce the note" theory. <u>Id.</u> at ¶ 18.

First, Plaintiff's own allegations belie his assertion that Chase does not have a property interest, as Plaintiff admits that he executed the security deed in Chase's favor on February 19, 2008. <u>Id.</u> at ¶ 6. And that security deed gives Chase the power to foreclose. Ex. A, Dkt. No. [2-2]. Moreover, Plaintiff has not alleged any facts which would support a claim that Chase somehow lost that right through sale or assignment. The Court is not required to take Plaintiff's legal conclusions cloaked in fact as true.

Additionally, this Court agrees that Plaintiff's "produce the note" theory is unavailing under Georgia law. Georgia law does not require a lender to

5

produce the original promissory note, even when the lender is taking affirmative action such as commencing foreclosure proceedings. See, e.g., Watkins v. Beneficial, HSBC Mortg., No. 1:10-CV-1999-TWT-RGV, 2010 WL 4318898, at *4 (N.D. Ga. Sep. 2, 2010) ("[N]othing in Georgia law requires the lender commencing foreclosure proceedings to produce the original note."); Hill v. Saxon Mortg. Servs., Inc., No. 1:09-CV-1078, 2009 WL 2386057, at *1 (N.D. Ga. May 14, 2009) (rejecting plaintiff's demand that lender produce original promissory note). Moreover, Defendant is not required to file the security deed until just "prior to the time of [foreclosure] sale" in Georgia. O.C.G.A. § 44-14-162(b). As Plaintiff admits that foreclosure has only been threatened, Defendant is not in violation of Georgia law for not producing the deed. Accordingly, any and all claims arising out of Defendant's alleged failure to produce "ownership evidence" fail as a matter of law.

### III. Quiet Title

To the extent Plaintiff is attempting to "quiet title," this claim is also improper. The Georgia Quiet Title Act provides specific rules of procedure with respect to quiet title actions. See O.C.G.A. § 23-3-60 *et seq*. Here, Plaintiff's Complaint is deficient as a matter of law because the petition was not verified

AO 72A
(Rev.8/82)

as required by O.C.G.A. § 23-3-62(b), and it did not include a plat of the survey of the land as required by O.C.G.A. § 23-3-62(c). See Joseph v. CitiMortgage, 1:11-CV-2768-TWT, 2011 WL 5156817, *2 (N.D. Ga. Oct. 27, 2011) (dismissing quiet title action for failure to verify her complaint and to include plat of the survey of the land as required under the Georgia Quiet Title Act); Simpson v. Countrywide Home Loans, 1:10-CV-0224-CAM-ECS, 2010 WL 3190693, at *7-8 (N.D. Ga. Apr. 26, 2010) (dismissing quiet title action for failure to comply with the requirements of the Georgia Quiet Title Act). Plaintiff has not complied with the requirements of the Georgia statute, and their quiet title action should be **DISMISSED.**

## Conclusion

Defendant Chase's Motion to Dismiss [2] is **GRANTED**.

**SO ORDERED**, this 9th day of March, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)